ANTHONY L. CANNON (SBN.: 162986)
JULIA A. MOUSER (SBN.: 118059)
**CANNON & NELMS, A PC**
160 S. Old Spring Road, Suite 200
Anaheim, CA 92808
Telephone: (714) 637-4400; Facsimile: (714) 637-4444
tcannon@cannonnelms.com

ROGER W. PARKHURST (*Admitted Pro Hac Vice-pending*)
MICHAEL J. ALLAN (*Admitted Pro Hac Vice-pending*)
**STEPTOE & JOHNSON LLP**
1330 Connecticut Ave. N.W.
Washington, D.C. 20036
Telephone: (202) 429-3000; Facsimile: (202) 429-3902
rparkhurst@steptoe.com
mallan@steptoe.com

Attorneys for Plaintiffs ROGER CLEVELAND GOLF COMPANY INC. and DUNLOP SPORTS CO. LTD.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

ROGER CLEVELAND GOLF COMPANY, INC., a California corporation, and DUNLOP SPORTS CO. LTD., a Japanese corporation,

Plaintiffs,

v.

CALLAWAY GOLF COMPANY, a California corporation,

Defendant.

Case No.

**COMPLAINT for:**

1. **Federal Trademark Infringement, 15 USC §1114**
2. **Federal False Designation of Origin, 15 USC. §1125(a)(1)(A)**
3. **California Unfair Competition; Cal. Bus. and Prof. Code §17200 et seq**
4. **Federal Trademark Dilution 15 USC §1125(c)**
5. **California Trademark Dilution, Cal. Bus. and Prof. Code §14330**
6. **Common Law Trademark Infringement**
7. **Common Law Unfair Competition**

**AND DEMAND FOR JURY TRIAL**

Plaintiffs, ROGER CLEVELAND GOLF COMPANY, INC. (hereinafter "Cleveland Golf" or "plaintiff"), and DUNLOP SPORTS CO. LTD., a Japanese corporation (formerly known as SRI SPORTS LIMITED) (hereinafter "DSP," "Dunlop Sports" or "plaintiff"), (collectively hereinafter "Roger Cleveland Golf" or "plaintiffs") by their counsel, hereby state their complaint against defendant CALLAWAY GOLF COMPANY (hereinafter "Callaway" or "defendant,") and allege as follows:

## NATURE OF THE DISPUTE

Plaintiffs Roger Cleveland Golf brings this suit against defendant Callaway for federal trademark infringement, statutory (federal and state) and common law unfair competition, and federal and state trademark dilution. Plaintiffs seek to permanently restrain and enjoin defendant from using and infringing the famous CLEVELAND® trademark—used by Cleveland Golf for over thirty years— in connection with Callaway's manufacture, marketing and sale of golf products, including golf clubs, thereby giving the false impression that defendant or certain of its golf products are made by Roger Cleveland Golf, or that Roger Cleveland Golf sponsored or is affiliated with defendant or certain of its products. Plaintiffs also seek monetary damages and profits arising from defendant's infringing activities.

## THE PARTIES

1. ROGER CLEVELAND GOLF COMPANY, INC. is a corporation organized under the laws of the State of California, and has a principal place of business at 5601 Skylab Road, Huntington Beach, California 92647, U.S.A., and is a wholly-owned subsidiary of plaintiff DUNLOP SPORTS CO. LTD.

2. Plaintiff DUNLOP SPORTS CO. LTD., (formerly known as SRI SPORTS LIMITED) is a corporation organized under the laws of Japan and has a principal place of business at 6-9, 3-Chome, Wahinohama-cho, Chuo-ku, Kobe 651-0072, Japan.

3. Defendant CALLAWAY GOLF COMPANY, on information and belief, is a California corporation having a place of business at 2180 Rutherford Road, Carlsbad, California, 92008.

**JURISDICTION AND VENUE**

4. This Court has personal jurisdiction over defendant Callaway, which is a California corporation having its principal place of business in this state and is doing business in this judicial district, including marketing and selling the accused infringing products in this judicial district.

5. This Court has subject matter jurisdiction over this action pursuant to 15 USC §§1051 et seq., including §1121, and 28 USC §1331 and §1338(a), because this action arises under 15 USC §§1051 et seq. , The Trademark Act of 1946 (the "Lanham Act"). This Court has supplemental jurisdiction over the state law claims herein pursuant to 28 USC §1338(b) and 28 USC §1367.

6. Venue is proper in this judicial district pursuant to 28 USC §1391(b) because defendant Callaway is a California corporation having its principal place of business in this state, and is doing business in this judicial district. Additionally, upon information and belief, a substantial portion of the events giving rise to this

action occurred in this judicial district, and the adverse impact and damage to plaintiffs occurred in this judicial district.

## FACTS

7. Plaintiff ROGER CLEVELAND GOLF COMPANY, INC., is a large U.S. manufacturer and marketer of golf equipment, including among other items, golf clubs, and plaintiff DUNLOP SPORTS CO. LTD., (formerly known as SRI SPORTS LIMITED) is a large manufacturer of golf equipment, including, among other items, golf clubs and golf balls. Plaintiff ROGER CLEVELAND GOLF COMPANY, INC. is a wholly-owned subsidiary of plaintiff DUNLOP SPORTS CO. LTD.

8. ROGER CLEVELAND GOLF COMPANY, INC. was founded in 1979 by Mr. Roger Cleveland. CLEVELAND® brand golf clubs marketed by ROGER CLEVELAND GOLF COMPANY, INC. continued to grow and to become famous as the source of high quality CLEVELAND® brand golf clubs, all of which bore the CLEVELAND® trademark, under which a full line of golf clubs and accessories are marketed. Since the company's inception the CLEVELAND® trademark has become one of the most recognized brands in the golf equipment business.

A photograph of a representative CLEVELAND® brand golf club appears below:

9. Cleveland Golf is now one of the largest golf companies in the world. It sponsors numerous PGA Tour players including recent major tournament champions Keegan Bradley and Graeme McDowell. In the more than 30 years Cleveland Golf has been in existence, the CLEVELAND® name and trademark, and golf goods bearing that mark, have been heavily promoted.

10. Cleveland Golf has invested millions of dollars and decades of time and effort to create consumer recognition in the CLEVELAND® brand and trademarks, and to ensure that the public associates the CLEVELAND® brand and trademarks with high quality golf clubs and related golf equipment emanating exclusively from Cleveland Golf.

11. As a result of the wide renown acquired by the CLEVELAND® by the trademarks, Cleveland's reputation for high quality golf products and the extensive sales of various products bearing the CLEVELAND® trademarks, these trademarks have become famous in the minds of the purchasing public within the meaning of 15 USC § 1125(c), Section 43 (c) of the Trademark Act of 1946 (the Lanham Act). The CLEVELAND® trademarks of inestimable value to Roger Cleveland Golf.

12. The CLEVELAND® trademark is protected by several federal trademark registrations including:

CLEVELAND -- U.S. Trademark Registration 2,070,054 (Exhibit A, attached),

CLEVELAND -- U.S. Trademark Registration 2,070,051 (Exhibit B, attached),

CLEVELAND GOLF -- U.S. Trademark Registration 3,286,218 (Exhibit C, attached).

All of these registrations have become incontestable.

13. In September 1990, ownership of all shares of ROGER CLEVELAND GOLF COMPANY, INC., including those owned by Mr. Roger Cleveland, were sold. At that time, Mr. Roger Cleveland continued his duties as a full-time Executive Vice President and member of the Board of Directors of that company. In late 1995 Mr. Roger Cleveland left the company he started and that still bears his name. He left Cleveland Golf with no rights in or to the famous CLEVELAND® trademarks which were owned by the company.

14. In early 1996, Mr. Roger Cleveland became an employee of defendant Callaway. Since that time, Mr. Roger Cleveland has supported Callaway in the development of its golf clubs. Until recently, however, his name never appeared on any commercial product of Callaway.

15. In about July 2013, defendant Callaway, for the first time commenced marketing a golf club bearing Mr. Roger Cleveland's name. That club, the Roger Cleveland Mac Daddy 2, bears the words "DESIGNED BY ROGER CLEVELAND." A photograph of such golf club head appears below:

16. At no time have plaintiffs or either of them ever consented in any way to permit the mark "CLEVELAND" or "ROGER CLEVELAND" or "DESIGNED BY ROGER CLEVELAND," to be displayed on any golf product by any person or entity other than plaintiffs.

17. Defendant Callaway's use of plaintiffs' mark CLEVELAND® on its recently marketed clubs has already resulted in actual confusion in the marketplace, and is likely to mislead and confuse consumers into believing that the infringer's products originate from Cleveland Golf or are connected to or affiliated with Cleveland Golf .

18. Plaintiffs have demanded that defendant Callaway cease making unauthorized use of plaintiffs' CLEVELAND® brand on defendant Callaway's golf clubs, but to date defendant Callaway has refused to cease and desist its infringing acts.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement, 15 USC § 1114)**
**(By Plaintiff Dunlop Sports)**

19. Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs 1-18 of this Complaint.

20. Plaintiff Dunlop Sports' federal registrations for the CLEVELAND® mark are incontestable, and the mark is distinctive and has acquired secondary meaning as to the source of all goods advertised, marketed, sold, or used in connection with the mark.

21. Dunlop Sports has not authorized, licensed or given permission to defendant to use the mark in any manner whatsoever including, without limitation, on the infringing products being marketed, advertised, distributed and sold by defendant.

22. Defendant's use of an infringing version of the CLEVELAND® mark on defendant's products is likely to cause confusion, mistake, or to deceive as to source, origin, affiliation, or sponsorship.

23. Dunlop Sports lacks an adequate remedy at law.

24. Unless an injunction is issued enjoining any continuing or future infringing use of the CLEVELAND® mark by defendant on defendant's golf products, such use is likely to continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, or sponsorship, thereby irreparably damaging Dunlop Sports.

25. As a direct and proximate cause of defendant's infringing conduct, Dunlop Sports has been damaged and will continue to be damaged. Pursuant to 15 USC § 1116(a), Dunlop Sports is entitled to an order enjoining defendant from using the CLEVELAND® mark, or any mark confusingly similar thereto, including, without limitation, the mark "ROGER CLEVELAND" or "DESIGNED BY ROGER CLEVELAND" on golf products. Pursuant to 15 USC § 1117(a) Dunlop Sports is entitled to an order requiring defendant to account to Dunlop Sports for any and all profits derived by defendant from its infringing actions, and to an order awarding all damages sustained by Dunlop Sports by reason of the infringement caused by defendant.

26. Dunlop Sports, upon information and belief, alleges that defendant's conduct alleged herein was intentional and in conscious disregard of Dunlop Sports' rights. Pursuant to 15 USC § 1117(a), Dunlop Sports is entitled to an award of treble damages and/or enhanced profits against defendant.

## SECOND CLAIM FOR RELIEF

**(Federal False Designation of Origin, 15 USC § 1125(a))**
**(By all Plaintiffs)**

27. Plaintiffs reallege and incorporate herein by reference paragraphs 1-26 of this Complaint.

28. By virtue of plaintiffs' widespread and longstanding distribution of goods under the CLEVELAND® mark, the mark has come to identify the source of such goods and to distinguish those goods from those of others. By virtue of the quality of plaintiffs' products distributed under the CLEVELAND® mark, the mark

has come to identify plaintiffs as the source of such high quality golf products, and has also established enormous goodwill in the mark.

29. Defendant's unauthorized use of the CLEVELAND® mark on golf clubs, and its promotion, marketing and advertising thereof is a false designation of origin and a false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between plaintiffs and defendant, and is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of defendant's products by plaintiffs or, conversely, plaintiffs' products by defendant.

30. Plaintiffs, upon information and belief, allege that defendant intended to, and did, confuse and mislead the public, and did represent and create the false impression that plaintiffs authorized, originated, sponsored, approved, licensed or participated by defendant's use of a mark confusingly similar to plaintiffs' CLEVELAND® mark in connection with defendant's golf products.

31. In fact, there is no connection, association, sponsorship, approval or licensing relationship between plaintiffs, on the one hand, and defendant, on the other hand. Plaintiffs have not authorized, sponsored, approved, licensed or given permission to defendant to use the CLEVELAND® mark, or any mark similar thereto, in any manner whatsoever on golf products including golf clubs.

32. Thus, defendant has created and will continue to create a false impression concerning an association between plaintiffs and defendant, a false designation of the origin of defendant's goods, and confusion as to a connection between the respective parties.

33. As a direct and proximate result of defendant's creation of a false impression of association between plaintiffs and defendant, and defendant's use of a false designation of origin and false or misleading representation of fact in connection with defendant's goods, plaintiffs have been damaged and will continue to be damaged. Pursuant to 15 USC § 1116(a), plaintiffs are entitled to an order enjoining defendant from using the CLEVELAND® mark, or any mark confusingly similar thereto, including, without limitation, the mark "ROGER CLEVELAND" or "DESIGNED BY ROGER CLEVELAND," on golf products. Pursuant to 15 USC § 1117(a), plaintiffs are entitled to an order requiring defendant to account to plaintiffs for any and all profits derived by defendant from their actions, and to an order awarding all damages sustained by plaintiffs and caused by defendant's conduct.

34. Plaintiffs, on information and belief, allege that defendant's conduct was intentional and in conscious disregard of plaintiffs' rights. Pursuant to 15 U.S.C. § 1117(a), plaintiffs are entitled to an award of treble damages and/or enhanced profits against defendant.

35. Defendant's acts make this an exceptional case under 35 USC § 1117(a), and plaintiffs are entitled to an award of attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

**State Statutory Unfair Competition**
**(Cal. Bus. and Prof. Code §17200 et seq.)**

36. Plaintiffs reallege and incorporate herein by reference paragraphs 1-35 of the Complaint.

37. Defendant's conduct, namely, unauthorized and unlawful use of plaintiffs' CLEVELAND® mark in a manner that is likely to cause confusion, or to cause mistake, or to deceive constitutes unfair competition under California Business and Professions Code §§ 17200 et seq.

38. Plaintiffs have been damaged and will continue to be damaged by defendant's unlawful, unfair and/or fraudulent business practices and misleading product marking, as alleged herein.

39. Plaintiffs are entitled to an injunction prohibiting defendant from continuing the practices alleged herein, and plaintiffs are entitled to restitution of all amounts acquired by defendant by means of such wrongful acts.

40. Plaintiffs have no adequate remedy at law. Defendant's conduct has caused, and if not enjoined will continue to cause to plaintiffs irreparable harm and damage to their business, reputation and goodwill.

## FOURTH CLAIM FOR RELIEF

**(All Plaintiffs)**
**(Dilution Under 15 USC §1125(c), (Section 43(c) of the Lanham Act))**

41. Plaintiffs reallege and incorporate herein by reference paragraphs 1-40 of this Complaint.

42. Plaintiffs' CLEVELAND® trademark is famous and distinctive within the meaning of 35 U.S.C. § 1125(c), (Section 43(c) of the Lanham Act), and has been famous and distinctive since long before defendant adopted and began its unauthorized use of the CLEVELAND® mark on golf products.

43. Defendant's use of the CLEVELAND® mark, as well as their use of "ROGER CLEVELAND" or "DESIGNED BY ROGER CLEVELAND", on golf clubs constitutes commercial use in commerce of plaintiffs' CLEVELAND® trademark. Plaintiffs have not authorized or licensed such use.

44. Defendant's mark fully incorporates and copies plaintiffs' famous CLEVELAND® trademark so that it has impaired or is likely to impair in the minds of consumers the distinctiveness of the CLEVELAND® trademarks. Defendant's unauthorized use of the CLEVELAND® trademark thereby dilutes or is likely to dilute the distinctive quality of plaintiff's CLEVELAND® trademark and to lessen the capacity of that mark to uniquely identify and distinguish plaintiffs' goods.

45. By the acts described above, defendant has intentionally and willfully diluted, and/or are likely to dilute, the distinctive quality of plaintiffs' famous CLEVELAND® trademark in violation of 15 USC § 1125(c), (Section 43(c) of the Lanham Act).

46. Defendant's wrongful acts will continue unless enjoined by this Court.

47. Defendant's acts have caused, and will continue to cause, irreparable injury to plaintiffs, who have no adequate remedy at law and are thus damaged in an amount not yet determined.

## FIFTH CLAIM FOR RELIEF

**(State Trademark Dilution and Injury to Reputation, California Bus. & Prof. Code § 14330) (All Plaintiffs)**

48. Plaintiffs reallege and incorporate herein by reference paragraphs 1-47 of this Complaint.

49. Plaintiff's CLEVELAND® mark constitutes a valid trademark under California law, is distinctive and has acquired secondary meaning.

50. Defendant's unauthorized use of plaintiff's CLEVELAND® mark is causing a likelihood of dilution of the mark whereby the mark is deprived of its exclusive capacity to identify and distinguish the source of goods distributed thereunder.

51. Defendant's actions constitute injury to business reputation and/or dilution within the meaning of California Business and Professions Code § 14330, plaintiffs are entitled to an injunction prohibiting defendant from continuing its infringing use on golf products of any mark dilutive of plaintiffs' CLEVELAND® mark.

**SIXTH CLAIM FOR RELIEF**

**(Common Law Trademark Infringement)**
**(By all Plaintiffs)**

52. Plaintiffs reallege and incorporate herein by reference paragraphs 1-51 of this Complaint.

53. Defendant's acts constitute common law trademark infringement under California law.

54. Plaintiffs have been damaged and will continue to be damaged by defendant's infringing activities.

55. Plaintiffs are entitled to an injunction prohibiting defendant from continuing the wrongful practices described herein.

56. Plaintiffs are also entitled to profits and damages arising from defendant's wrongful use of a mark confusingly similar to the CLEVELAND® mark.

57. Plaintiffs, upon information and belief, allege that defendant's conduct was willful, wanton, malicious, and in conscious disregard of plaintiffs' rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

## SEVENTH CLAIM FOR RELIEF

**(Common Unfair Competition)**
**(By all Plaintiffs)**

58. Plaintiffs reallege and incorporate herein by reference paragraphs 1-57 of this Complaint.

59. Defendant's acts constitute common unfair competition under California law.

60. Plaintiffs have been damaged and will continue to be damaged by defendant's infringing activities.

61. Plaintiffs are entitled to an injunction prohibiting defendant from continuing the wrongful practices described herein.

62.   Plaintiffs are also entitled to profits and damages arising from defendant's wrongful use of a mark confusingly similar to plaintiffs' CLEVELAND® mark.

63.   Plaintiffs, upon information and belief allege, that defendant's conduct was willful, wanton, malicious, and in conscious disregard to plaintiffs' rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs ROGER CLEVELAND GOLF COMPANY, INC. and DUNLOP SPORTS CO. LTD demand judgment against defendant as follows:

A.   For a preliminary and permanent injunction enjoining and restraining defendant, and all its officers, directors, stockholders, owners, agents, representatives, servants and employees, and all those acting in concert or privity therewith, from directly or indirectly:

1.   infringing plaintiffs' trademark rights in any way including, without limitation, plaintiffs' rights, common law or otherwise, in the registered mark CLEVELAND;

2.   using any false or misleading designation of origin, or false or misleading description or statement, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any product provided by defendant is in any manner associated or connected with plaintiffs, or is sponsored, approved or authorized by plaintiffs;

3.   diluting in any way the distinctive quality of plaintiffs' CLEVELAND® mark;

4. engaging in any unfair business practices or any acts of unfair competition in any manner with respect to plaintiffs' products or the CLEVELAND® mark; and

5. using any of the marks "CLEVELAND," "ROGER CLEVELAND," or "DESIGNED BY ROGER CLEVELAND" on any golf products.

B. Ordering defendant to file with the Court and to serve on counsel for plaintiffs, within thirty (30) days from entry of an injunction, a report fully stating the manner and form in which defendant has complied with the injunction.

C. For an order that, by the acts complained of herein, defendant has infringed plaintiff Dunlop Sports' trademark rights, in violation of 15 USC § 1114.

D. For an order that, by the acts complained of herein, defendant has infringed plaintiffs' rights, and engaged in acts of false designation of origin, in violation of 15 USC § 1125(a).

E. For an order that, by the acts complained of herein, defendant has diluted the distinctive quality of plaintiffs' CLEVELAND® mark, in violation of Cal. Bus. and Prof. Code § 14330.

F. For an order that, by the acts complained of herein, defendant has engaged in unfair business practices against plaintiffs, in violation of Cal. Bus. and Prof. Code § 17200.

G. For an order that, by the acts complained of herein, defendant has infringed plaintiffs' common law trademark rights and/or engaged in acts of common law unfair competition against plaintiffs.

H. For an order awarding plaintiffs general and/or specific damages, in an amount to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages as appropriate, as well as all of defendant's profits or gains of any kind from defendant's acts of trademark infringement, false designation

of origin, unfair business practices and dilution; and further for an order that such acts were willful and wanton, thereby justifying an award, where appropriate, of treble or enhanced damages.

I. For an order awarding plaintiffs restitution of all amounts obtained by defendant by means of its wrongful acts described herein;

J. For an order warding plaintiffs their costs and attorneys' fees incurred in prosecuting this action.

K. For an order awarding plaintiffs pre-judgment interest.

L. For an order awarding such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request trial by jury on all claims so triable.

Dated: October 18, 2013

Respectfully submitted,

**CANNON & NELMS, A PC**
**STEPTOE & JOHNSON LLP**

By: *_/s/ Julia A. Mouser_*
Anthony L. Cannon
Julia A. Mouser
Roger W. Parkhurst
Michael J. Allan
Attorneys for Plaintiffs,
ROGER CLEVELAND GOLF COMPANY, INC. and DUNLOP SPORTS CO. LTD