Lisa M. Martens (CA State Bar No.: 195824)
martens@fr.com
Erin M. Hickey (CA State Bar No.: 295424)
hickey@fr.com
Nancy L. Ly (CA State Bar No.: 284991)
ly@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone:  (858) 678-5070
Facsimile:   (858) 678-5099

Attorneys for Defendant
CALLAWAY GOLF COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ROGER CLEVELAND GOLF COMPANY, INC., a California corporation, and DUNLOP SPORTS CO. LTD., a Japanese corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>CALLAWAY GOLF COMPANY, a Delaware corporation,<br><br>    Defendant. | Case No.: 8:13-cv-01642-AG-RNB<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant Callaway Golf Company ("Callaway" or "Defendant"), by its undersigned attorneys, answers the Second Amended Complaint filed by Roger Cleveland Golf Company, Inc. ("Cleveland Golf") and Dunlop Sports Co. Ltd. ("Dunlop Sports") (collectively, "Plaintiffs") on March 25, 2014 (the "SAC"). Callaway has numbered the paragraphs in this Answer to correspond to the numbered paragraphs of the SAC. Except as expressly admitted below, Callaway denies each and every allegation and characterization in Plaintiffs' SAC.

## NATURE OF THE DISPUTE

This paragraph, which is not numbered, is an introductory paragraph to which no responsive pleading is required. To the extent an answer is required, Callaway denies each and every characterization and allegation in this paragraph.

## THE PARTIES

1. Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the SAC and, on that basis, Callaway denies each allegation.

2. Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the SAC and, on that basis, Callaway denies each allegation.

3. Callaway admits the allegations in Paragraph 3 of the SAC.

## JURISDICTION AND VENUE

4. Callaway admits that its principal place of business is in the state of California and that it does business in this judicial district, including marketing and selling products in this judicial district, and, on that basis, admits that this Court has personal jurisdiction over it. Callaway denies each of the remaining allegations of Paragraph 4 of the SAC, including that it is a California corporation.

5. Callaway admits that the SAC purports to state claims for relief that arise under the trademark and unfair-competition laws of the United States, 15 U.S.C. §§1051 *et seq.*, but denies that Plaintiffs have any basis for such claims.

Callaway admits that Plaintiffs allege subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over their state-law claims under 28 U.S.C. §§ 1338(b) and 1367, but Callaway denies that Plaintiffs have any basis for such claims.

6. Callaway admits that it is a corporation and that it has its principal place of business in the state of California and admits that it does business in this judicial district and, on that basis, admits that venue is proper in this judicial district. Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation that "a substantial portion of the events giving rise to this action occurred in this judicial district" and, on that basis, Callaway denies the allegation. Callaway denies each of the remaining allegations of Paragraph 6.

## FACTS

### The Roger Cleveland Golf Company and the CLEVELAND® Marks

7. Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the SAC and, on that basis, Callaway denies each allegation.

8. Callaway admits that Mr. Roger Cleveland founded Cleveland Golf in 1979. Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 8 of the SAC and, on that basis, Callaway denies each allegation.

9. Callaway admits that the photograph included in Paragraph 9 of the SAC purports to be representative of a CLEVELAND 588® golf wedge, but denies that the CLEVELAND 588® golf wedge is famous. Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 9 of the SAC and, on that basis, Callaway denies each allegation.

10. Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the SAC and, on that basis, Callaway denies each allegation.

11. Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the SAC and, on that basis, Callaway denies each allegation.

12. Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the SAC and, on that basis, Callaway denies each allegation.

13. Callaway admits that Exhibits A, B, and C, which Plaintiffs annexed to their SAC, purport to be copies of the Certificates of Registration for Registration Nos. 2,070,054, 2,070,051, and 3,286,218, respectively (the "Alleged Trademark Registrations"). Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13 of the SAC and, on that basis, Callaway denies each remaining allegation.

14. Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the SAC and, on that basis, Callaway denies each allegation.

### Mr. Roger Cleveland's Move from Cleveland Golf to Callaway

15. Callaway denies that Plaintiffs' CLEVELAND marks are famous, but admits the remaining allegations in Paragraph 15 of the SAC.

16. Callaway admits the allegations in Paragraph 16 of the SAC.

17. Callaway denies the allegations in Paragraph 17 of the SAC.

### The Roger Cleveland Mack Daddy 2

18. Callaway admits that the photograph displayed in Paragraph 18 of the SAC purports to be representative of the head of Callaway's MACK DADDY 2 golf club and that the phrase "designed by Roger Cleveland" appears on the face of the club. Callaway denies that it markets, offers, and/or sells a golf club under the

1  trademark ROGER CLEVELAND MACK DADDY 2 and denies that it first sold
2  golf clubs bearing the phrase "designed by Roger Cleveland" in or about July 2013.

3      19.    Callaway denies that Plaintiffs' consent was required for Callaway's
4  use of the phrase "designed by Roger Cleveland" to identify Mr. Cleveland as the
5  designer of certain of its products. Callaway is without sufficient knowledge or
6  information to form a belief as to the truth or falsity of the remaining allegations in
7  Paragraph 19 of the SAC and, on that basis, Callaway denies each remaining
8  allegation.

9      20.    Callaway denies the allegations in Paragraph 20 of the SAC.

10     21.    Callaway is without sufficient knowledge or information to form a
11 belief as to the truth or falsity of the allegation that actual confusion already has
12 occurred in the marketplace in Paragraph 21 of the SAC and, on that basis, denies
13 the allegation. Callaway denies the remaining allegations in Paragraph 21 of the
14 SAC.

15     22.    Callaway admits the allegations in Paragraph 22 of the SAC.

16     23.    Callaway admits that it launched eight new MACK DADDY 2 wedges
17 on or about November 1, 2013 and admits that Plaintiffs filed and served their
18 original Complaint in this action before November 1, 2013. Callaway is without
19 sufficient knowledge or information to form a belief as to the truth or falsity of the
20 alleged "bit.ly/MD2Listpic.twitter.com/vjQHcLFKwF" link. Callaway denies the
21 remaining allegations in Paragraph 23 of the SAC.

22     24.    Callaway denies that its MACK DADDY 2 wedges are marketed,
23 offered, and/or sold under the trademark ROGER CLEVELAND MACK DADDY
24 2 and denies that it has infringed any rights of Plaintiffs and that Plaintiffs have
25 suffered actual and/or irreparable damage from any acts of Callaway. Callaway
26 admits that Exhibit D annexed to the SAC purports to be a graphic summary of data
27 from Golf Datatech, L.L.C. Callaway is without sufficient knowledge or
28

information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24 of the SAC and, on that basis, Callaway denies each allegation.

25.  Callaway denies that its use of the phrase "designed by Roger Cleveland" to identify Mr. Cleveland as the designer of certain of its products infringes upon any rights of Plaintiffs or required any authorization from Plaintiffs. Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25 of the SAC and, on that basis, Callaway denies each allegation.

## The WEDGUCATION Infringement

26.  Callaway denies the allegations in Paragraph 26 of the SAC.

27.  Callaway admits that United States Trademark Application Serial No. 86/130,118 purports to be an application to register the alleged mark WEDGUCATION and purports to be owned by Plaintiff Dunlop Sports. Callaway admits that Exhibit E annexed to the SAC purports to be a representative sampling of what Plaintiffs allege to be uses of its alleged WEDGUCATION mark. Callaway denies that it was aware of Plaintiffs' WEDGUCATION designation on or before May 15, 2013. Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 of the SAC and, on that basis, Callaway denies each allegation.

28.  Callaway denies that it markets, offers, and/or sells a product under the trademark ROGER CLEVELAND MACK DADDY 2. Callaway admits that it filed an application to register the mark WEDGEDUCATION as a trademark on an intent-to-use basis on May 15, 2013 and that the United States Patent and Trademark Office assigned its application Serial No. 85/932,713. Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 of the SAC and, on that basis, Callaway denies each allegation.

29. Callaway denies that it markets, offers, and/or sells a product under the trademark ROGER CLEVELAND MACK DADDY 2. Callaway admits that Exhibit F annexed to the SAC purports to be a photograph from Callaway's FACEBOOK page depicting its WEDGEDUCATION mark. Callaway denies that its MACK DADDY 2 wedges infringe upon any rights of Plaintiffs and denies that its WEDGEDUCATION mark is used in the same way and in connection with the same products as Plaintiffs' alleged use of their WEDGUCATION designation. Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29 of the SAC and, on that basis, Callaway denies each allegation.

30. Callaway admits the allegations in Paragraph 30 of the SAC, except it denies that the number of views of each video alleged are accurate, as of the filing date of this Answer.

31. Callaway denies that Callaway markets, offers, and/or sells a product under the trademark ROGER CLEVELAND MACK DADDY 2. Callaway admits that Plaintiffs have annexed an Exhibit F to the SAC, but Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31 of the SAC and, on that basis, Callaway denies each allegation.

32. Callaway denies the allegations in Paragraph 32 of the SAC.

33. Callaway denies the allegations in Paragraph 33 of the SAC.

## FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement, 15 U.S.C. § 1114)**
**(By Plaintiff Dunlop Sports)**

34. Callaway repeats and incorporates herein by reference all the foregoing responses to each and every allegation in the preceding paragraphs of this Answer.

1  35.  Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the SAC and, on that basis, Callaway denies each allegation.

4  36.  Callaway denies that it ever used Plaintiffs' marks and denies that any authorization, license, or permission from Plaintiffs was required for Callaway to use the phrase "designed by Roger Cleveland" to identify Mr. Cleveland as the designer of certain of its products. Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 36 of the SAC and, on that basis, Callaway denies each remaining allegation.

11  37.  Callaway denies the allegations in Paragraph 37 of the SAC.
12  38.  Callaway denies the allegations in Paragraph 38 of the SAC.
13  39.  Callaway denies the allegations in Paragraph 39 of the SAC.
14  40.  Callaway denies the allegations in Paragraph 40 of the SAC.
15  41.  Callaway denies the allegations in Paragraph 41 of the SAC.

## SECOND CLAIM FOR RELIEF

**(Federal False Designation of Origin, 15 U.S.C. § 1125(a))**
**(By all Plaintiffs)**

19  42.  Callaway repeats and incorporates herein by reference all of the foregoing responses to each and every allegation in the preceding paragraphs of this Answer.

22  43.  Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the SAC and, on that basis, Callaway denies each allegation.

25  44.  Callaway denies the allegations in Paragraph 44 of the SAC.
26  45.  Callaway denies the allegations in Paragraph 45 of the SAC.
27  46.  Callaway admits that there is no connection, association, sponsorship, or licensing relationship between Plaintiffs and Callaway and admits that Plaintiffs

have not authorized, sponsored, or licensed Callaway to use Plaintiffs' CLEVELAND mark or WEDGUCATION designation. Callaway denies that any authorization, approval, license or permission from Plaintiffs was required for Callaway to use the phrase "designed by Roger Cleveland" to identify Mr. Cleveland as the designer of certain of its products or that any authorization, approval, license, or permission from Plaintiffs was required for Callaway to use its own WEDGEDUCATION mark. Callaway is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 46 of the SAC and, on that basis, Callaway denies each remaining allegation.

47. Callaway denies the allegations in Paragraph 47 of the SAC.

48. Callaway denies the allegations in Paragraph 48 of the SAC.

49. Callaway denies the allegations in Paragraph 49 of the SAC.

50. Callaway denies the allegations in Paragraph 50 of the SAC.

### THIRD CLAIM FOR RELIEF
**State Statutory Unfair Competition**
**(Cal. Bus. and Prof. Code § 17200 et seq.)**
**(By all Plaintiffs)**

51. Callaway repeats and incorporates herein by reference all the foregoing responses to each and every allegation in the preceding paragraphs of this Answer.

52. Callaway denies the allegations in Paragraph 52 of the SAC.

53. Callaway denies the allegations in Paragraph 53 of the SAC.

54. Callaway denies the allegations in Paragraph 54 of the SAC.

55. Callaway denies the allegations in Paragraph 55 of the SAC.

## FOURTH CLAIM FOR RELIEF

**(Common Law Trademark Infringement)**

**(By all Plaintiffs)**

56. Callaway repeats and incorporates herein by reference all the foregoing responses to each and every allegation in the preceding paragraphs of this Answer.

57. Callaway denies the allegations in Paragraph 57 of the SAC.

58. Callaway denies the allegations in Paragraph 58 of the SAC.

59. Callaway denies the allegations in Paragraph 59 of the SAC.

60. Callaway denies the allegations in Paragraph 60 of the SAC.

61. Callaway denies the allegations in Paragraph 61 of the SAC.

## FIFTH CLAIM FOR RELIEF

**(Common Law Trademark Infringement)**

**(By all Plaintiffs)**

62. Callaway repeats and incorporates herein by reference all the foregoing responses to each and every allegation in the preceding paragraphs of this Answer.

63. Callaway denies the allegations in Paragraph 63 of the SAC.

64. Callaway denies the allegations in Paragraph 64 of the SAC.

65. Callaway denies the allegations in Paragraph 65 of the SAC.

66. Callaway denies the allegations in Paragraph 66 of the SAC.

67. Callaway denies the allegations in Paragraph 67 of the SAC.

## SIXTH CLAIM FOR RELIEF

**(Common Unfair Competition)**

**(By all Plaintiffs)**

68. Callaway repeats and incorporates herein by reference all the foregoing responses to each and every allegation in the preceding paragraphs of this Answer.

69. Callaway denies the allegations in Paragraph 69 of the SAC.
70. Callaway denies the allegations in Paragraph 70 of the SAC.
71. Callaway denies the allegations in Paragraph 71 of the SAC.
72. Callaway denies the allegations in Paragraph 72 of the SAC.
73. Callaway denies the allegations in Paragraph 73 of the SAC.

## CALLAWAY'S RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

In response to Plaintiffs' Prayer for Relief, Callaway denies that Plaintiffs are entitled to any relief whatsoever and request that the Court enter judgment in Callaway's favor on all claims and award Callaway its reasonable costs and attorneys' fees and any further relief as the Court may deem appropriate.

## CALLAWAY'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of fair use.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### RESERVATION OF RIGHTS

Callaway reserves its right to amend the foregoing Answer and Affirmative Defenses with any further response or defense it may discover during the course of this litigation.

Dated: April 10, 2014                    FISH & RICHARDSON P.C.

                                         By: /s/ Erin M. Hickey
                                             Lisa M. Martens
                                             Erin M. Hickey
                                             Nancy L. Ly

                                         Attorneys for Defendant
                                         CALLAWAY GOLF COMPANY

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' 2ND AMENDED COMPLAINT
Case No.: 8:13-cv-01642-AG-RNB
- 12 -

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 10, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-3.3. Any other counsel of record will be served by U.S. mail or hand delivery.

By: *Erin M. Hickey*
Erin M. Hickey
hickey@fr.com